IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

HANNAH SCOTT

    Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Hannah Scott, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Hannah Scott, is a natural person and citizen of the State of Colorado, with a current address of 123 Kenwood Drive, Pueblo, Colorado 81004.

2. Defendant Life Insurance Company of North America ("Defendant LINA") is a foreign nonprofit corporation and/or similar business entity which regularly conducts business in the State of Colorado. The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268. Upon information and belief, Defendant is a citizen of the State of Pennsylvania, where it is incorporated and/or headquartered.

.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of CIGNA Companies ("CIGNA"). The Plan, which provides short-term disability ("STD") and long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon information and belief, the plan has delegated to LINA its obligation to make all benefit decisions at issue in this claim.

4. Further, the Plaintiff and Defendant are citizens of different states, and the amount in controversy (including the value of the future disability insurance benefits) exceeds $75,000.00.

5. Plaintiff has applied for STD, which was denied. Although Plaintiff remains disabled, Defendant has not processed her LTD benefits. The STD/LTD to date is estimated at over $50,000.00.

6. At all pertinent times Plaintiff was a full-time employee of CIGNA and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

7. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for STD subject to the terms and conditions of the insurance policy issued by Unum to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. §1391, and/or Federal law (and specifically 29 U.S.C. §1132(e)(2)), venue is proper in this Court wherein Defendant regularly conducts business and where Defendant's registered agent can be found.

## STATEMENT OF THE FACTS

9. At all pertinent times, Plaintiff was employed by CIGNA as a registered nurse, and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

10. Beginning in or around 2023, Plaintiff began to experience multiple health issues initially caused by a COVID-19 infection, which included but nit ot limited to headaches, severe fatigue and cognitive issues, inability to focus, concentrate and the like, which was ultimately diagnosed as long-haul COVID.

11. She was further diagnosed with a series of other infections leading to an immune disorder, and orthopedic issues with her foot and spine.

12. These symptoms, including headaches, dizziness, fatigue, confusion and cognitive deficits, increase dramatically after brief periods of activity. Plaintiff also has limitations due to her orthopedic issues.

13. These medical conditions prohibited Plaintiff at all relevant times from continuing to perform the requirements of her job on a regular, full-time and consistent basis, as well as from any other job for which she is reasonably qualified, due to her symptoms.

14. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, through LINA, for STD benefits.

15. Defendant denied Plaintiff's claim for STD by letter dated January 30, 2024.

16. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her treating physician.

17. Defendant did not alter its decision and denied the appeal on August 7, 2024.

18. Defendant's determination was arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation. This includes, without limitation, her inability to work forty (40) hours per week on a regular and consistent basis during the pertinent time frame, and continuing.

19. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

20. Although Plaintiff remains disabled, defendant has not moved forward with her claim for LTD benefits.

### FIRST CLAIM FOR RELIEF: VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS PLAINTIFF V. DEFENDANT

21. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for STD benefits, as set forth above.

22. At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

4

23. At all pertinent times, Plaintiff met the criteria for STD under the Plan because she was unable to perform the functions of her own and/or any other reasonable occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

24. Upon information and belief, Defendant LINA also insures the Plan.

25. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

26. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

27. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence;

    B. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

    C. Failing to act in Plaintiff's best interests;

    D. Failing to consider credible evidence of functional impairment;

    E. Failing to reasonably interpret and apply the terms of the Plan;

    F. Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of STD;

    G. Failing to conduct a reasonable investigation; and/or

    H. Failure to timely evaluate and pay Plaintiff's LTD claim.

28. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## **DAMAGES**

29. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of STD and/or LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

    A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

    B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of STD insurance premiums otherwise covered by the policy;

    C. Retroactive reinstatement of Plaintiff's benefits and payment of all back due STD benefits pursuant to ERISA §502(a)(1)(b);

    D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

      E.      Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

      F.      Such other and further relief as this Court deems just and appropriate.

Dated this 26th day of August, 2024.

Respectfully submitted,

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**

123 Kenwood Drive
Pueblo, Colorado 81004